[640 NYS2d 771]

In the Matter of BARRY D. PINCUS (Admitted as BARRY DAVID PINCUS), an Attorney, Resignor.

Second Department, April 1, 1996

#### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

#### OPINION OF THE COURT

Per Curiam.

Barry D. Pincus has submitted an affidavit dated January 19, 1996, wherein he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9). Mr. Pincus was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on May 14, 1980.

Mr. Pincus acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning a complaint setting forth charges that he improperly released client funds entrusted to him without the authorization of the owner of those funds, that he converted a portion of those funds, and that he participated in fraudulent conduct with other persons. Mr. Pincus acknowledges his inability to successfully defend himself on the merits against the charges in any proceeding brought against him by the Grievance Committee.

The proffered resignation indicates Mr. Pincus' awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied and to reimburse the Lawyers' Fund for Client Protection of the State of New York for same. He acknowledges the continuing jurisdiction of the Appellate Division, Second Judicial Department, to make such an order. Mr. Pincus is further aware than any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Pincus avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation.

Grievance counsel recommends that the Court accept the proffered resignation. Under the circumstances, the resignation of Barry D. Pincus as a member of the Bar is accepted and directed to be filed. Accordingly, Barry D. Pincus is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and COPERTINO, JJ., concur.

Ordered that the resignation of Barry D. Pincus is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry D. Pincus is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Barry D. Pincus shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry D. Pincus is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.